UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
TARASMATTI NAGESSAR,

                    *Plaintiff*,

          v.

NORTHEAST ALLIANCE MORTGAGE
BANKING CORP., et al.,

                    *Defendants*.
---------------------------------X

**MEMORANDUM & ORDER**

18-cv-6709 (KAM) (RER)

**KIYO A. MATSUMOTO, United States District Judge:**

          On November 21, 2018, Tarasmatti Nagessar
("Plaintiff") brought this action *pro se* against Northeast
Alliance Mortgage Banking Corporation ("Defendant").  (ECF No.
1, Complaint ("Compl.").)  Plaintiff's complaint sought an order
to quiet title to real property located at 111 Euclid Avenue in
Brooklyn, New York (the "Subject Property").  (*Id.* at 5-6.)
Plaintiff now moves for a default judgment against Defendant.
(ECF No. 27, Motion for Default Judgment.)  For the reasons set
forth herein, Plaintiff's motion is DENIED, and the complaint is
dismissed.  Plaintiff is granted leave to file an amended
complaint within sixty days of this Order.

**Background**

          This is the third action Plaintiff has brought in
federal court related to the Subject Property.  The first, filed
in August 2016 against three defendants not named here, was

1

voluntarily dismissed by Plaintiff pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  (Case No. 16-cv-4266.)  The second, filed in November 2016 against Defendant in this action, among others, was dismissed without prejudice by Judge Carol Bagley Amon under Federal Rule of Civil Procedure 41(b) after Plaintiff failed to prosecute her claims.  (Case No. 16-cv-6680.)  Plaintiff initiated the instant action in November 2018.

According to Plaintiff's complaint, Plaintiff purchased the Subject Property in 1995.  (Compl. ¶ 9.) Plaintiff alleges that Defendant "recorded fraudulent documents against the title" of the Subject Property with the Recorder's Office in Kings County, New York.  (*Id.* ¶ 8.)  These fraudulent recordings allegedly occurred after Plaintiff hired Defendant "to negotiate a loan modification on her behalf" in February 2014.  (*Id.* ¶ 10.)  Plaintiff alleges that she realized in November 2016 that the was the victim of a crime, and that Defendant "was part of a nationwide real estate scam perpetrated on unsuspecting homeowners seeking to modify their home loans." (*Id.* ¶¶ 11-12.)

On March 19, 2019, Magistrate Judge Ramon E. Reyes, Jr. issued an Order to Show Cause why this action should not be dismissed due to a pending foreclosure action concerning the Subject Property in state court.  (ECF No. 7.)  Plaintiff responded to the Order to Show Cause on April 4, 2019.  (ECF No.

9, Plaintiff's Response to Order to Show Cause.)  Plaintiff's
response stated that the plaintiff in the state court
foreclosure action, U.S. Bank National Association ("U.S.
Bank"), was not a party to this action.  (*Id.* at 1.)  Judge
Reyes provided U.S. Bank an opportunity to intervene in this
action, but it declined to do so because its interests were not
implicated by Plaintiff's attempt to quiet title against this
Defendant, which was apparently involved in an assignment
concerning the Subject Property in 2013 and a deed-in-lieu of
foreclosure in 2014.  (*See* Minute Entry for proceedings held
before Judge Reyes on July 11, 2019; ECF No. 14, Letter from
counsel for U.S. Bank.)

On September 12, 2019, Judge Reyes granted Plaintiff's
motion to serve Defendant by publication, pursuant to Federal
Rule of Civil Procedure 4(e)(1).  (ECF No. 15, Order.)  On
January 7, 2020, Plaintiff filed two affidavits of service by
publication.  (ECF Nos. 22, 23.)  Notice of this action was
published on four instances in the Daily Court Review, a daily
newspaper published in Houston, Texas, and on four instances in
the Katy Times, a weekly newspaper published in Katy, Texas.
(*Id.*)  These eight instances were published in November and
December 2019.  (*Id.*)

Defendants have not appeared in this action.  On
January 17, 2020, Judge Reyes ordered that default be entered

3

against Defendant.  (ECF Dkt. Order, Jan. 17, 2020.)  The Clerk
of Court entered the default the same day.  (ECF No. 26, Clerk's
Entry of Default.)  Plaintiff filed the instant motion for
default judgment on January 29, 2020.

### **Legal Standard**

Under Federal Rule of Civil Procedure 55, a plaintiff
may obtain a default judgment by following a two-step process.
First, if the defendant "has failed to plead or otherwise
defend," the Clerk of Court will enter the defendant's default.
Fed. R. Civ. P. 55(a).  Second, the plaintiff must "apply to the
court for a default judgment."  Fed. R. Civ. P. 55(b)(2).

"[J]ust because a party is in default, the plaintiff
is not entitled to a default judgment as a matter of right."
*GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc.*, 696
F. Supp. 2d 203, 208 (E.D.N.Y. 2010).  Because a default
judgment is an extreme remedy, "[d]efault judgments 'are
generally disfavored and are reserved for rare occasions.'"
*State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374
F.3d 158, 168 (2d Cir. 2004) (quoting *Enron Oil Corp. v.
Diakuhara*, 10 F.3d 90, 98 (2d Cir.1993)).  Before entering a
default judgment, the "Court must ensure that (1) jurisdictional
requirements are satisfied, (2) the plaintiff took all the
required procedural steps in moving for default judgment, and
(3) the plaintiff's allegations, when accepted as true,

establish liability as a matter of law." *Jian Hua Li v. Chang Lung Grp. Inc.*, 2020 WL 1694356, at *4 (E.D.N.Y. Apr. 7, 2020) (citations omitted).

Where a plaintiff is proceeding *pro se*, courts must construe the plaintiff's pleadings liberally. *See, e.g.*, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). However, a *pro se* complaint must still state a claim to relief that is plausible on its face. *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010).

## Discussion

The court finds that jurisdictional requirements are satisfied,[1] and Plaintiff has taken the necessary procedural steps in pursuing a default judgment. Plaintiff, however, has not sufficiently demonstrated Defendant's liability, and thus a default judgment is not warranted.

---

[1] Plaintiff invoked this court's diversity jurisdiction over this controversy. Plaintiff is a citizen of New York, Defendant is allegedly a corporation headquartered in Texas, and Plaintiff alleged that the Subject Property is worth more than $75,000. (Compl. ¶¶ 1, 4; Response to Order to Show Cause, ¶ 2); *see Correspondent Servs. Corp. v. JVW Inv., Ltd.*, 2004 WL 2181087, at *8 (S.D.N.Y. Sept. 29, 2004) ("[W]here a plaintiff has commenced an action to quiet title to real property, the amount in controversy is determined by the value of the realty directly affected by the contest for ownership."), *aff'd sub nom. Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767 (2d Cir. 2006).

Because Defendant has not responded to the complaint, Plaintiff's factual allegations are deemed admitted. *Joseph v. HDMJ Rest., Inc.*, 970 F. Supp. 2d 131, 144 (E.D.N.Y. 2013). Even so, to obtain a default judgment, Plaintiff still "must demonstrate that the allegations set forth in the complaint state valid claims." *Id.; see Gustavia Home LLC v. Envtl. Control Bd.*, 2019 WL 4359549, at *4 (E.D.N.Y. Aug. 21, 2019) ("It remains the plaintiff's burden to demonstrate that the uncontroverted facts establish each defendant's liability as a matter of law on each cause of action asserted."), *report and recommendation adopted*, 2019 WL 4346012 (E.D.N.Y. Sept. 11, 2019); *Said v. SBS Elecs., Inc.*, 2010 WL 1287080, at *2 (E.D.N.Y. Mar. 31, 2010) (A "defendant's failure to answer or otherwise respond to the complaint is not sufficient to establish liability on its claims; rather, plaintiff bears the burden of demonstrating that the uncontroverted allegations, without more, establish that defendants are liable on each claim.").

Plaintiff's complaint, construed liberally, does not plead sufficient facts for the court to draw a plausible inference that Defendant wrongfully encumbered the title to the Subject Property.  Under the laws of the State of New York (where the Subject Property is located), actions in which "a person claims an estate or interest in real property" is

6

governed by the New York Real Property and Proceedings Law ("RPAPL") § 1501, *et seq*. "To state a claim to quiet title under the RPAPL, Plaintiff must allege: '([i]) the nature of the plaintiff's interest in the real property and the source of this interest; (ii) that the defendant claims or appears to claim an interest in the property adverse to the plaintiff's interest, and the nature of the defendant's interest; (iii) whether any defendant is known or unknown and whether any defendant is incompetent; and (iv) whether all interested parties are named and whether the judgment will or might affect other persons not ascertained at the commencement of the action.'" *Neely v. RMS Residential Mortg. Sol., L.L.C.*, 2013 WL 752636, at *14 (E.D.N.Y. Feb. 26, 2013) (quoting *Barberan v. Nationpoint*, 706 F.Supp.2d 408, 419 (S.D.N.Y.2010)).

Plaintiff asserts that the Subject Property belongs to her, and that Defendant filed "fraudulent" documents against the title of the property. (Compl. ¶¶ 3, 8.) Plaintiff does not cite any documentation demonstrating her ownership of the property at any point in time. Moreover, asserting that Defendant filed "fraudulent" documents is not a factual allegation, but a legal conclusion about the documents, which the court need not accept as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference

to its factual context."); Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").

It is possible that the documents allegedly filed by Defendant were filed in connection with a valid transaction related to the Subject Property, or for some other reason. It is not clear what documents Defendant filed, because Plaintiff did not attach copies of them to her complaint, or describe them in any way. Without more, the conclusory allegations in Plaintiff's complaint are not enough to state a valid claim for relief under the RPAPL, or to warrant a default judgment. *See Herbert v. HSBC Mortg. Servs.*, 2014 WL 3756360, at *10 (E.D.N.Y. June 30, 2014) (plaintiff's "conclusory allegation that her 'lawful rights have been blatantly and maliciously violated'" insufficient to state a claim under the RPAPL), *report and recommendation adopted in part*, 2014 WL 3756367 (E.D.N.Y. July 30, 2014); *Neely*, 2013 WL 752636, at *14 (allegation that a "mortgage was fraudulently obtained while Plaintiff was still the owner of the subject premises . . . is insufficient").

## Conclusion

For the foregoing reasons, Plaintiff has not demonstrated that she is entitled to a default judgment. Plaintiff's motion is therefore DENIED. Because Plaintiff's complaint failed to sufficiently state a claim upon which relief

may be granted, it is dismissed.  *See Placide-Eugene v. Visiting Nurse Serv. of New York*, 2013 WL 2383310, at *13 (E.D.N.Y. May 30, 2013) ("[T]he Court has the power to dismiss claims *sua sponte* for a failure to state a claim.").  In light of the court's duty to liberally construe *pro se* complaints, the court will grant Plaintiff sixty days' leave to amend her complaint. If Plaintiff amends her complaint, she must allege specific facts, supported by documentation if necessary, to demonstrate that her allegations are plausible.  If Plaintiff fails to timely amend her complaint, or show good cause for why she cannot do so within sixty days, the case will be dismissed with prejudice.

The Clerk of Court is respectfully directed to mail a copy of this Order to *pro se* Plaintiff, and to note service on the docket.

**SO ORDERED.**

Dated:     Brooklyn, New York
           June 8, 2020

                                    /s/
                              Hon. Kiyo A. Matsumoto
                              United States District Judge

9