```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------X
TARASMATTI NAGESSAR,

                        Plaintiff,

    -against-                                    MEMORANDUM AND ORDER

                                                 18-cv-6709(KAM)(RER)
NORTHEAST ALLIANCE MORTGAGE BANKING
CORP., et al.,

                        Defendant.

----------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

On November 21, 2018, Tarasmatti Nagessar ("Plaintiff") commenced this action *pro se* against Northeast Alliance Mortgage Banking Corporation ("Defendant"). (ECF No. 1, Complaint ("Compl.").) Plaintiff seeks an order to establish quiet title to real property located at the address 111 Euclid Avenue in Brooklyn, New York (the "Subject Property"). (*Id.* at 5-6.) Plaintiff now moves for default judgment against Defendant. (ECF No. 37, Motion for Default Judgment 2 ("Mot."), ¶ 6.) For the reasons set forth herein, Plaintiff's motion is GRANTED.

1

**Background**

The instant action before the Court is the third action Plaintiff has brought in federal court related to the Subject Property. Plaintiff first filed an action on August 1, 2016 against three defendants not named here, which she then voluntarily dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Case No. 16-cv-4266.) Plaintiff filed a second action on November 29, 2016 against Defendant, among others, the action was dismissed without prejudice by Judge Carol Bagley Amon pursuant to Federal Rule of Civil Procedure 41(b) after Plaintiff failed to prosecute her claims. (Case No. 16-cv-6680.) On November 21, 2018, Plaintiff timely initiated the instant action within the statute of limitations for bringing quiet title. *See* N.Y. C.P.L.R. § 212(a) (requiring a person who has had title taken from them to bring an action claiming title within 10 years).

According to Plaintiff's complaint, Plaintiff purchased the Subject Property in 1995. (ECF No. 1, Compl. ¶ 9.) Plaintiff alleges that around February 1, 2014, Defendant Northeast Alliance Mortgage Banking Corp. falsely represented itself as a subsidiary of her lender, Alliance Mortgage Banking Corp. (ECF No. 37, Mot., ¶ 6.) Defendant allegedly offered "to negotiate a loan modification on [her] behalf" but instead "recorded documents with the New York City Department of Finance Office of the City Register claiming title for [her] property . . . without [her] permission

2

or knowledge." (*Id.* ¶ 10.)  Plaintiff claims that she realized in early November 2016 that she was the victim of a crime when she was informed by the FBI that Defendant "was part of a nationwide real estate scam perpetrated on unsuspecting homeowners seeking to modify their home loans."  (ECF No. 1, Compl. ¶¶ 11-12.)

On March 19, 2019, Magistrate Judge Ramon E. Reyes, Jr. issued an Order to Show Cause requiring Plaintiff to demonstrate why this action should not be dismissed due to a pending foreclosure action concerning the Subject Property in state court. (ECF No. 7, Order to Show Cause.)  Plaintiff responded to the Order to Show Cause on April 4, 2019.  (ECF No. 9, Plaintiff's Response to Order to Show Cause.)  Plaintiff responded that U.S. Bank National Association ("U.S. Bank"), the plaintiff in the state court foreclosure action, was not a party to this action, and as such, the litigation is not "concurrent" or "duplicative."  (*Id.* at 1); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  Judge Reyes granted U.S. Bank an opportunity to intervene in this action, but it declined to do so because its interests were not implicated by Plaintiff's attempt to quiet title against this Defendant.  (*See* Minute Entry for proceedings held before Judge Reyes on July 11, 2019; ECF No. 14, Letter from Counsel for U.S. Bank.)  In their letter, U.S. Bank explained that they were seeking to void the same 2013 assignment and 2014 Deed-in-Lieu of foreclosure as Plaintiff seeks to here,

3

in a separate state court action, because Defendant also made the assignment without U.S. Bank's authority despite U.S. Bank being the legal holder of the note.  (*Id*. at 2.)

On September 12, 2019, Judge Reyes granted Plaintiff's motion to serve Defendant by publication, pursuant to Federal Rule of Civil Procedure 4(e)(1).  (ECF No. 15, Order dated Sept. 12, 2019.)  On January 7, 2020, Plaintiff filed two affidavits of service by publication.  (ECF Nos. 22-23.)  Four notices of this action were published in the Daily Court Review, a daily newspaper published in Houston, Texas, (where Defendant is reported to have its headquarters) and on four instances in the Katy Times, a weekly newspaper published in Katy, Texas (where Defendant is reported to have an office).  (*Id*.)  These eight instances in which Plaintiff posted notice were published in the public newspapers between November and December 2019.  (*Id*.)

Defendants have not filed an appearance in this action. On January 17, 2020, Judge Reyes ordered that default be entered against Defendant.  (Minute Entry Order dated Jan. 17, 2020.)  The Clerk of Court entered the default that same day, on January 17, 2020.  (ECF No. 26, Clerk's Entry of Default dated Jan. 17, 2020.) On January 29, 2020, Plaintiff filed a motion for default judgment claiming quiet title against Defendant.  (ECF No. 27, Motion for Default Judgment dated Jan. 29, 2020.)

4

On June 8, 2020, this Court denied Plaintiff's first Motion for Default Judgment for failure to plead sufficient facts to state a claim to quiet title. (ECF No. 28.); *see Nagessar v. Northeast All. Mortg. Banking Corp.*, No. 18-CV-6709 (KAM)(RER), 2020 WL 3051441, at *3 (E.D.N.Y. June 8, 2020). Specifically, this Court concluded that (1) "Plaintiff [did] not cite any documentation demonstrating her ownership of the property at any point in time" and (2) Plaintiff did not plead sufficient facts to suggest that Defendant's claim to the property was invalid. *Id.* Plaintiff's motion was dismissed and Plaintiff was given sixty days to amend her complaint to allege specific facts to demonstrate that her allegations were plausible. *Id.*

On September 21, 2020, Plaintiff submitted an amended complaint providing more documentation and providing specific facts to support her previous allegations. (ECF No. 30, Amended Compliant ("Amended Compl.").) In her amended complaint, Plaintiff included a letter pertaining to her loan servicing agreement and a chain of title. (ECF No. 30, Exhs. A-B, the "Loan Servicing Agreement" and the "Chain of Title".) The Loan Serving Agreement stated that Plaintiff had been approved for a loan modification for the Subject Property and included an affidavit pursuant to Section 255 of the New York Tax Law establishing a chain of title. (ECF No. 30, Exh. A.) The Chain of Title showed that Plaintiff first made a mortgage on the Subject Property to

5

Mortgage Electronic Registration Systems, Inc. as nominee for Alliance Mortgage Banking Corp on December 15, 2006, and recorded on January 12, 2007.  (ECF No. 30, Exh. B.)  The Mortgage was then assigned from Mortgage Electronic Registration Systems, Inc. to US Bank by assignment of mortgage on July 22, 2011, and recorded on August 3, 2011.  (*Id*.)  The mortgage was last assigned from Alliance Mortgage Banking Corp to Northeast Alliance Mortgage on November 14, 2013 and recorded on December 11, 2013.  (*Id*.)

Notice of Plaintiff's amended complaint was filed with the Katy Times four times between June and July 2021, and once with Daily Court Review on October 15, 2021.  (ECF Nos, 32-33.) On October 27, 2021, the Clerk of the Court entered default against Defendant.  (ECF No. 34, Clerk's Entry of Default dated Oct. 27, 2021.)  Judge Reyes ordered Plaintiff to move for default judgment the same day.  (ECF. No. 35, Order dated Oct. 27, 2021.)  On January 7, 2022, Plaintiff filed the instant motion for default judgment against Defendant.  (ECF No. 37, Mot., at 1.)  Plaintiff submitted the Loan Service Agreement and the Chain of Title as exhibits along with her motion for default judgement.  (ECF No. 38, Exhs. A and B.)

## **Standard of Review**

Under Federal Rule of Civil Procedure 55, a plaintiff may obtain a default judgment by following a two-step process. First, "[w]hen a party against whom a judgment for affirmative

relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, a plaintiff may then move for a default judgment against a defendant. Fed. R. Civ. P. 55(b)(2). If a defendant fails to appear or fails to move to set aside the default under Rule 55(c), the Court may enter a default judgment on plaintiff's motion.

After the first step is satisfied, a district court deciding a motion for default judgment "is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in [plaintiff's] favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)); *see also United States v. DiPaolo*, 466 F. Supp. 2d 476, 482 (S.D.N.Y. 2006) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability." (internal quotation and citations omitted)).

Even so, the Court retains "discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action." *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d at 65; *see also Atlantic Recording Corp. v. Brennan*, 534 F. Supp. 2d 278, 283 (D. Conn. 2008) (denying a motion for default judgment and noting that in deciding a motion for default judgment, the

7

court must consider whether the plaintiffs' complaint adequately stated a claim upon which relief can be granted). Plaintiff "must demonstrate that the allegations set forth in the complaint state valid claims." *Joseph v. HDMJ Rest., Inc.*, 970 F. Supp. 2d 131, 144 (E.D.N.Y. 2013); *see also Gustavia Home LLC v. Envtl. Control Bd.*, No. 18-cv-6485 (MKB) (CLP), 2019 WL 4359549, at *4 (E.D.N.Y. Aug. 21, 2019) ("It remains the plaintiff's burden to demonstrate that the uncontroverted facts establish each defendant's liability as a matter of law on each cause of action asserted."), report and recommendation adopted, 2019 WL 4346012 (E.D.N.Y. Sept. 11, 2019). "[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc.*, 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010). Because a default judgment is an extreme remedy, "[d]efault judgments 'are generally disfavored and are reserved for rare occasions.'" *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993)).

In evaluating Defendant's liability, the Court is limited to the four corners of the complaint. *See Rolls-Royce plc v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010). In other words, "[a]fter default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate

8

cause of action, since a party in default does not admit conclusions of law." *Id*. (citation omitted).

Before entering a default judgment, the "Court must ensure that (1) jurisdictional requirements are satisfied, (2) the plaintiff took all the required procedural steps in moving for default judgment, and (3) the plaintiff's allegations, when accepted as true, establish liability as a matter of law." *Jian Hua Li v. Chang Lung Grp. Inc.*, No. 16-cv-6722 (PK), 2020 WL 1694356, at *4 (E.D.N.Y. Apr. 7, 2020) (citations omitted).

Where a plaintiff is proceeding *pro se*, courts must construe the plaintiff's pleadings liberally. *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). A *pro se* complaint, however, must still state a claim to relief that is plausible on its face. *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010).

### Discussion

The Court finds that Plaintiff has satisfied the jurisdictional requirements and has taken the necessary procedural steps in pursuing a default judgment. *Nagessar,* 2020 WL 3051441, *2 n.1 ("Plaintiff invoked this Court's diversity jurisdiction over this controversy. Plaintiff is a citizen of New York, Defendant is allegedly a corporation headquartered in Texas, and Plaintiff alleged that the Subject Property is worth more than

9

$75,000.") Plaintiff published five notices of her amended complaint and eight notices of her initial complaint, totaling thirteen notices regarding this action in local Texas newspapers in the location of Defendant's headquarters. See *Matter of D'Ancona*, 19-cv-5492 (EK) (VMS), 2021 WL 4482615, at *2 (E.D.N.Y. 2021) (finding that four publications were sufficient notice when the owner of the subject property was unknown); s*ee e.g.*, *DePippo v. Kmart Corp.*, 335 B.R. 290, 296 (S.D.N.Y. 2005). Finally, this Court concludes that Plaintiff's allegations and proffered evidence, herein accepted as true, are sufficient to establish liability as a matter of law. As such, a default judgment against Defendants is warranted.

An action to quiet title in the State of New York is governed by New York Real Property and Proceedings Law ("RPAPL") § 1501, *et seq*. To state a claim for quiet title, Plaintiff must "[1] allege actual or constructive possession of the property and [2] the existence of a removable "cloud" on the property, which is an apparent title, such as in a deed or other instrument, that is [3] actually invalid or inoperative." See *Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 418 (S.D.N.Y. 2010); *Zuniga v. BAC Home Loans Servicing, L.P.*, 147 A.D.3d 882, 883 (2d Dep't 2017); see RPAPL § 1515. The Second Circuit has also stated that the important distinction between the common-law and statutory causes of action for quiet title is that the "the plaintiff need only plead its

10

claim to an estate or interest in land and defendant's adverse claim; plaintiff need not plead the 'invalidity' of defendant's claim as required under the common law." *See W. 14th St. Comm. Corp. v. 5 W. 14th Owners Corp.*, 815 F.2d 188, 196 (2d Cir.1987).

Pursuant to RPAPL § 1515, a claim, then, must include allegations concerning: (1) the nature of the plaintiff's interest in the real property and the source of this interest; (2) that the defendant claims or appears to claim an interest in the property adverse to the plaintiff's interest, and the nature of the defendant's interest; (3) whether any defendant is known or unknown and whether any defendant is incompetent; and (4) whether all interested parties are named and whether the judgment will or might affect other persons not ascertained at the commencement of the action'". *See Neely v. RMS Residential Mortg. Sol., L.L.C.*, No. 12-CV-1523 (JS)(AKT), 2013 WL 752636, at *14 (E.D.N.Y. 2013) (internal citation omitted).

Here, Plaintiff sufficiently alleges all four elements. First, Plaintiff asserts that she "at all times relevant herein has been the sole owner and possessor of the [subject] property." (ECF No. 30, Amended Compl. ¶ 7.) Plaintiff substantiated her claim by submitting the Chain of Title documents presented in Plaintiff's Amended Complaint, which show that in 2006, Plaintiff signed a mortgage for the Subject Property to Mortgage Electronic Registration Systems, Inc., as nominee for Alliance Mortgage

11

Banking Corp. (ECF Nos. 30, Amended Compl., Exh. B; ECF No. 38, Mot., Exh. A and B.) The Loan Servicing Agreement submitted by Plaintiff in her Amended Complaint and Motion for Default Judgement similarly supports Plaintiff's claim of current possession of the Subject Property. (*Id.*); s*ee also Barberan*, 706 F. Supp. 2d at 419 (finding that a plaintiff's assertion of legal title and "adequate [description of] the Property, including its address," were sufficient to state the first element of a claim to quiet title). Here, in considering Plaintiff's motion for default, the Court accepts the existence of the Plaintiff's Chain of Title and Loan Serving Agreement and accepts the facts stated within the documents as true. As such, Plaintiff's allegations and evidence from the Chain of Title and Loan Servicing Agreement demonstrate Plaintiff's interest in the Subject Property sufficient to state a claim for quiet title.

Second, due to the fraudulent assignment of her mortgage to the Defendant in 2013, Plaintiff asserts the existence of "a removable 'cloud' on the property" that is also "an apparent title." (ECF No. 37, Mot., at ¶ 10); *see also Nucci v. PHH Mortg. Corp.*, 679 F. App'x 48, 51 (2d Cir. 2017) (holding that a plaintiff did not establish a cloud because the mortgage was undisputed); *see also Barberan*, 706 F. Supp. 2d at 419 (finding a disputed mortgage is a sufficient "cloud" over ownership to warrant action to quiet title). Plaintiff's Chain of Title documents confirm

12

that the mortgage was reassigned to Defendant in 2013. (ECF No. 30, Amended Compl. at 8-11). Plaintiff alleges that the "cloud" has been created by Defendant's fraudulent mortgage assignment. *See Silverberg v. Bank of New York Mellon*, 165 A.D.3d 1193, 1193 (2d Dep't 2018) (finding that an invalid mortgage assignment may constitute a cloud on the plaintiff's title). Specifically, Plaintiff contends that Defendant's actions have made her property "unmarketable," creating difficulties for her to secure adjustments to her mortgage, and barriers in registering for property utilities in her name. (ECF Nos. 30, Amended Compl. at 17, 19; 37, Mot., at ¶ 8.) These facts, taken as true, constitute a bona fide "cloud on the property" sufficient to state a claim for quiet title. *Zuniga,* 147 A.D.3d at 883.

Third, and most importantly, Plaintiff alleges that Defendant's apparent title is invalid because Plaintiff contracted with Defendant to secure a loan modification, but Defendant instead assigned Plaintiff's mortgage to itself "without [Plaintiff's] permission or knowledge." (ECF No. 37, Mot., at ¶ 10; ECF No. 30, Amended Compl., at ¶ 9.) *See Barberan,* 706 F. Supp. 2d at 419 (holding a plaintiff's allegation that*, inter alia*, a defendant fraudulently altered mortgage documents was sufficient for Plaintiff to state a claim to quiet title). Plaintiff's factual claim is supported by the letter submitted by U.S. Bank stating that Defendant filed the mortgage assignment without permission

13

from U.S. Bank, the actual assignee of the mortgage at the time. (ECF No. 14, Letter from Counsel for U.S. Bank at 2.) Plaintiff's allegation is also supported by the Chain of Title document, which indicates U.S. Bank was indeed the assignee during 2013 when Defendant filed its mortgage assignment. (ECF Nos. 30, Exh. B; 38, Mot., Exh. A and B.); *See* E. Sav. Bank, FSB v. Thompson, 631 F. App'x 13, 15 (2d Cir. 2015)("assignment of a mortgage without the accompanying note does not provide the assignee with a right to the debt"); *see also Silverberg*, 165 A.D.3d at 1193 (explaining that an assignment may be invalid if the lawful holder of the note does not assign it to the new holder); *Yahudaii v. Baroukhian*, 137 A.D.3d 539, 540 (1st Dep't 2016) (finding that an assignment of mortgage was invalid because it was not permitted under agreement entered into by assignor); *see also Harris v. Thompson*, 899 N.Y.S.2d 59, 2009 WL 2915312, at *5 (Sup. Ct. Queens Cnty. 2009) (finding plaintiff's allegations that assignor of mortgage to the defendant was not a bona fide encumbrancer sufficient to state a claim pursuant to RPAPL Article 15); *Hurley v. Hurley*, 405 N.E.2d 229, 229 (N.Y. 1980) (finding allegations in the complaint sufficient to state RPAPL Article 15 claim when plaintiffs described their purported easement and defendant's refusal to provide easement). As such, Plaintiff alleges sufficient facts to state a claim that Defendant's interest in the Subject Property is "invalid or inoperative" because Defendant's assignment of the

14

mortgage was not consented to by the assignee at the time or Plaintiff. Though U.S. Bank did not intervene as a party in this case, its counsel submitted a letter stating, "It is our client's position that the 2013 Assignment and 2014 Deed-in Lieu of foreclosure were the product of mistake or fraud of the parties involved in the preparation and recordation of those null and void documents." (ECF No. 14, Letter from Counsel for U.S. Bank at 2.)

Finally, Plaintiff has articulated why Defendant is the only relevant party to this action. *Neely,* 2013 WL 752636, at *14. Defendant's claim to the Subject Property is distinct from other claims held by banks on the Subject Property in the chain of title document because Defendant's claim is the only one made without permission from the assignee or Plaintiff. (ECF No. 30, Amended Compl. at 5, 8-11.) One potentially relevant party, U.S. Bank, was permitted to intervene, but declined. (ECF No. 14, Letter from Counsel for U.S. Bank at 2.) U.S. Bank affirmed Plaintiff's argument that U.S. Bank's claims on the subject property were distinct and separate from Defendant's. (*Id.*) U.S. Bank also confirmed that its interests would not be adversely affected by resolving this dispute between Plaintiff and Defendant. (*Id.*) The court is satisfied that all interested parties are named in this action.

In sum, Plaintiff has pled facts which allege (1) an interest in the Subject Property, (2) that Defendant's interest in

15

subject property constitutes a removable "cloud" upon the Subject Property, and (3) that Defendant's interest is invalid. Accepting the uncontested facts and supporting documents as true, this Court finds that Plaintiff is entitled to quiet title as to the Defendant over the Subject Property.

## CONCLUSION

For the aforementioned reasons, Plaintiff has demonstrated that she is entitled to a default judgment. Accordingly, Plaintiff's motion for default is GRANTED. The Clerk of the Court is respectfully directed to enter judgment for the Plaintiff, granting quiet title to Plaintiff, as against Defendant, for the Subject Property, located at the address 111 Euclid Street, Brooklyn, New York.

**SO ORDERED.**

DATED:   August 5, 2022
         Brooklyn, New York

_____/s/_____
**HON. KIYO A. MATSUMOTO**
United States District Judge